## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Laura A. Sawyer

v.

Lyle Jarrett

June 14, 1995

Case No. (Law) CL94-78

BY JUDGE WILLIAM H. LEDBETTER, JR.

Having reviewed counsels' memoranda and the court file, the court is of the opinion that the defendant should be awarded attorney's fees of $500.00 against the plaintiff for expenses incurred by the defendant in attempting to compel discovery.

The defendant served the plaintiff with interrogatories and a request for production of documents in November of 1994. Trial was set for July 10, 1995, with a jury. When three months elapsed without a response, the defendant moved to compel discovery. On March 10, 1995, pursuant to proper notice, the court heard the defendant's motion and ordered the plaintiff to respond within ten days.

When no responses were forthcoming within the ten days, the defendant filed a motion for sanctions. On April 11, 1995, the court directed the plaintiff to complete her responses and to return them in proper form, under oath, by the end of that week so that counsel for the defendant would receive them no later than April 14, 1995, or the court would dismiss the plaintiff's suit under Rule 4:12(b). The court found that the plaintiff had violated the Rules of Court and the prior court order but reserved decision on an award of expenses.

Eventually, the plaintiff provided papers to the defendant in an effort to respond to the interrogatories. They were patently incomplete; some of them were transmitted only by fax, not under oath; some of the papers were not endorsed by counsel; they were not in proper form; and, in any event, they were not provided within the time specified by the court.

Again, the defendant gave notice and filed a motion for sanctions. A hearing was scheduled for May 18, 1995. On that day, the plaintiff suffered a nonsuit.

Counsel for the defendant submitted a statement of fees in support of his request for an award, and counsel for the plaintiff filed a responsive memorandum.

First, the court rejects the plaintiff's argument that an award of expenses is barred by Virginia Code § 8.01-380(B) which entitles a plaintiff to one nonsuit as a matter of right. The defendant's request for an award of expenses has nothing to do with the nonsuit. Rather, the request was made under Rule 4:12(a)(4) for expenses incurred because of the plaintiff's failure to comply with discovery orders weeks before the nonsuit was suffered. A litigant cannot avoid sanctions under Rule 4:12 simply by taking a nonsuit before the court can act on the defendant's request for such sanctions.

In this case, the defendant had to bear the expense of his attorney's appearance in court two times and the preparation for a third appearance before the plaintiff terminated prosecution of the suit. The information sought was significantly related to a proper defense of the plaintiff's claim for damages. The plaintiff never suggested that the discovery propounded by the defendant was burdensome, overbroad, vexatious, or otherwise inappropriate. No reasonable excuse for the failure was advanced. Nevertheless, for five months the plaintiff failed to respond, and when she did respond, the effort fell considerably short despite the lapse of time, the impending trial, and the court's clear directions.

Accordingly, the defendant is entitled to an award of $500.00 under Rule 4:12(a)(4) for expenses incurred in seeking to compel discovery, payable within thirty days of the court order.